# ISAAC A. PETERSON v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

January 2, 1912.

Nos. 17,323—(171).

**Questions for jury — damages.**

Plaintiff brakeman was injured by the caboose of another train striking him. Verdict of $12,000 in favor of plaintiff. *Held:* (1) Under the evidence the ques-

[1] Reported in 133 N. W. 1134.

tions of defendant's negligence and plaintiff's contributory negligence were for the jury, and (2) while the verdict is large, reasonable men might well draw widely different inferences as to the extent of plaintiff's injury, and we cannot say it was not supported by the evidence.   [Reporter.]

Action in the district court for Mower county to recover $25,000 for personal injuries.  The complaint set out the following provision of the laws of Iowa: "Every corporation operating a railway shall be liable for all damages sustained by any person, including employees of such corporation, in consequence of the neglect of the agents, or by any mismanagement of the engineers or other employees thereof, and in consequence of the wilful wrongs, whether of commission or omission, of such agents, engineers or other employees, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding.  Nor shall any contract of insurance, relief, benefit, or indemnity in case of injury or death, entered into prior to the injury, between the person so injured and such corporation, or any other person or association acting for such corporation, nor shall the acceptance of any such insurance, relief, benefit, or indemnity by the person injured, his widow, heirs, or legal representatives after the injury, from such corporation, person or association, constitute any bar or defense to any cause of action brought under the provisions of this section, but nothing contained herein shall be construed to prevent or invalidate any settlement for damages between the parties subsequent to injuries received."  The answer admitted that the law quoted in the complaint had not been repealed.  The case was tried before Kingsley, J., who, at the close of the case, denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $12,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed.  Affirmed.

*Briggs, Thygeson, Loomis & Everall* and *French & Sasse,* for appellant.
*Dunn & Carlson* and *Catherwood & Nicholsen,* for respondent.

PER CURIAM.

The plaintiff, a brakeman in the defendant's employ, was injured while momentarily standing upon one track to obtain a view of a string of cars on the adjoining track.  While the plaintiff was so engaged in his duties as brakeman, a detached caboose running down the track on which he was standing struck and injured him.  The plaintiff testified that his conductor had told him, in effect, that he would keep the train in charge of another conductor off from this track.  The caboose causing the injury was a part of such other train.  Under the evidence the questions of the defendant's negligence and the plaintiff's contributory negligence were questions for the jury.  We have examined all the

evidence and rulings involved in the numerous points raised by counsel on the appeal, and we find no error prejudicial to defendant.

From the evidence reasonable men might well draw widely different inferences as to the extent of the plaintiff's injury. While the amount of damages awarded in the verdict is large, we cannot say that it is not supported by the evidence.

Affirmed.